UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMIE CARSON, SR.,

    Petitioner,

        v.                                     CAUSE NO. 3:25-CV-609-PPS-JEM

WARDEN,

    Respondent.

## OPINION AND ORDER

Jamie Carson, Sr., a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (MCF 24-9-460) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was docked thirty days of good time credit.

Carson argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support the finding of guilt and contained no physical evidence. Let's start with the standard that governs this type of case.  It is a very low bar. As long as there is "some evidence" in the record, the loss of good time credits must be sustained. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The Circuit has called this a "lenient standard" such that even "meager proof will suffice." *Id.* It is not the court's job to re-weigh the evidence. *Id.* In fact, a conduct report alone is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784,

786 (7th Cir. 1999) ("That report alone provides 'some evidence' for the CAB's

decision.").

The administrative record in this case includes a conduct report in which a

correctional lieutenant represented:

> On 9/23/24, I, Lt. Carly, was advised of a possible situation that took place on the 1/2 side over the weekend. I watched DVR for the date and approximate time that I was notified that something had taken place between two incarcerated individuals. While watching the DVR I observed [Carson] brandish a weapon to an unknown incarcerated individual in attempts to get him off the game system he was using. The weapon appears to be wrapped in strips of a sheet. After Carson shows the weapon, he leaves the game room.

ECF 6-1. In a separate witness statement, the correctional lieutenant represented that

she saw him reach into his right pocket with two hands and pull out a weapon. ECF 6-2.

The administrative record also contains a video recording summary in which the

hearing officer represented that he reviewed the same surveillance video recording and:

> I am able to see Carson walk into the laundry area where the games are and talk to another individual. As he is talking, I see Carson pull an elongated metallic item with white wrapping around where his hands were holding it. The conversation continues after he shows the item, but nothing happens after with the item himself.

ECF 6-6. It further contains the video recording itself, which I have reviewed and find to

be consistent with the conduct report, witness statement, and the video recording

summary. ECF 9. Carson's posture, gestures, and interactions with the inmate next to

him before, during, and after he removed the object from his pocket also strikes me as

consistent with brandishing a weapon. For example, less than three minutes before

removing the object, Carson engaged in a verbal altercation with the inmate sitting next

2

to him that required a third inmate to separate them. And, after returning and starting to confront the other inmate, Carson immediately removes the item from his pocket but quickly returns it as the heated conversation continues.

The video recording, conduct report, and witness statement easily satisfies the "some evidence" standard and is therefore sufficient proof that Carson possessed a weapon. Though Carson asserts that the record contains no physical evidence, such evidence is not required to satisfy the lenient "some evidence" standard. *See McPherson*, 188 F.3d at 786. Therefore, Carson has not provided a basis for habeas relief.

Because Carson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Carson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jamie Carson, Sr., leave to proceed *in forma pauperis* on appeal.

 **SO ORDERED**.

 ENTERED: July 9, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT